

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Heleva v. Kunkle

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1684

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Heleva v. Kunkle" (2008). *2008 Decisions.* Paper 675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1684
_____

DANIEL A. HELEVA,

Appellant

v.

SANDRA KUNKLE, Correctional Officer; SECOND SHIFT SERGEANT; DR. SHAH,;
WARDEN DAVID KEENHOLD, Warden; PAUL JENNINGS, Former Deputy Warden;
MICHAEL TAEBERRY, Former Deputy Warden; GARY MCFARLAND, Director of
Treatment

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-01488)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2008
Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

Daniel A. Heleva appeals, pro se, from the orders of the United States District

Court for the Middle District of Pennsylvania granting summary judgment in favor of the

respective Defendants. He further challenges the District Court's denial of his motion to compel and refusal to sanction certain Defendants for alleged misconduct in this litigation. We will affirm the District Court's judgments.

## I.

On July 14, 2002, Heleva, then held as a pre-trial detainee at the Monroe County Correctional Facility ("MCCF"), was assaulted by another inmate and suffered a neck injury. It appears that Defendant Correctional Officer Sandra Kunkle, who was in charge of the unit, left the room before the attack occurred. Heleva filed a pro se complaint, naming as Defendants Kunkle as well as other MCCF officials (collectively "the MCCF Defendants") and Dr. Prakashschandra Shah, who was responsible for his medical treatment. He alleged that the MCCF Defendants (except for Kunkle) and Dr. Shah were deliberately indifferent to his serious medical needs after the attack. He further claimed that the MCCF Defendants acted with deliberate indifference in failing to protect him from the assault itself.

On September 27, 2005, the District Court granted Dr. Shah's motion for summary judgment because of the absence of any evidence showing that the doctor was deliberately indifferent to Heleva's condition. The MCCF Defendants also moved for summary judgment, claiming, among other things, that Heleva failed to exhaust his administrative remedies. Although purporting to have submitted all of Heleva's administrative grievances and appeals as part of their motion, the MCCF Defendants

2

actually omitted some of these documents. On October 31, 2005 and June 26, 2006, the District Court denied Heleva's respective motions for an investigation and prosecution and for sanctions for the alleged perjury and misconduct of the MCCF Defendants and their counsel. On March 18, 2006, the District Court granted the summary judgment motion as to Heleva's medical treatment claim, relying on the same reasons provided in its ruling granting summary judgment to Dr. Shah. However, it denied the MCCF Defendants' motion without prejudice with respect to Heleva's failure-to-protect claim. It further stated that the MCCF Defendants could file a second summary judgment motion based on exhaustion, so long as they also provided an explanation of the document discrepancy.

The MCCF Defendants accordingly filed a second motion for summary judgment. Their supporting brief contained an explanation for the document omission, essentially claiming that there must have been an honest mistake in the photocopying and scanning process. On February 21, 2007, the District Court granted the MCCF Defendants' second motion on exhaustion grounds. The District Court Clerk entered formal judgments in favor of the Defendants and against Heleva on March 6, 2007. Heleva timely appealed.

II.

Heleva contends on appeal that the District Court was wrong to grant the respective summary judgment motions of Dr. Shah and the MCCF Defendants.[1] Our

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

review of the District Court's rulings granting summary judgment is plenary, see, e.g., Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004), and, in order to affirm, we must find that there was no genuine issue as to any material fact and that the Defendants were entitled to judgment as a matter of law, see, e.g., Fed. R. Civ. P. 56(c). Under this standard of review, the District Court properly granted the summary judgment motions.

Because he was a pre-trial detainee at the time, Heleva's medical treatment claim arose under the Due Process Clause of the Fourteenth Amendment. See, e.g., Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). In general, a pre-trial detainee's due process rights are violated if the conditions of his confinement amount to punishment prior to an adjudication of guilt. See, e.g., Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005). However, we also have evaluated pre-trial detainees' claims of inadequate medical care under the deliberate indifference standard applied to the Eighth Amendment claims of convicted prisoners. See, e.g., Natale, 318 F.3d at 581-82. In any case, Heleva's claim against Dr. Shah and the MCCF Defendants lacked factual support under either standard.

The District Court appropriately found that "nothing in the record indicates that Dr. Shah [and, by extension, the MCCF Defendants] acted with deliberate indifference by (1) intentionally inflicting pain, (2) denying Heleva's requests for medical treatment and exposing Heleva to undue suffering, or (3) intentionally refusing to treat Heleva"

4

(9/27/05 Mem. at 9). See, e.g., Natale, 318 F.3d at 581-83. On the contrary, the evidence established that Dr. Shah and others at MCCF diagnosed Heleva and provided medical treatment, including x-rays, prescription medication, and range-of-motion exercises. Given that he was diagnosed and received ongoing care, it cannot be said that the Defendants "punished" Heleva in violation of the Due Process Clause. At most, Heleva merely disagreed with the diagnosis as well as the medical care he received, asking to be examined and treated by an outside chiropractor. However, mere disagreement generally does not provide a basis for his medical treatment claim. See, e.g., Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

The District Court also committed no reversible error by denying Heleva's remaining failure-to-protect claim against the MCCF Defendants on exhaustion grounds. The Prison Litigation Reform Act ("PLRA") requires an incarcerated individual like Heleva to exhaust his available administrative remedies. 42 U.S.C. §§ 1997e(a), (h). The MCCF administrative remedy policy stated that an inmate may file a grievance "[i]f you feel that someone or some action that has been taken against you is unjust or unfair" and that, if unable to reach an informal resolution, the inmate should fill out the space provided on the "inmate request slip . . . with a short explanation of the problem." (A97.) After considering the various arguments raised in Heleva's appellate brief regarding exhaustion, we ultimately conclude that he failed to exhaust his available administrative remedies as to his failure-to-protect claim.

5

It is well established that "the PLRA requires 'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements [established by the correctional authorities]." Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (citing Woodford v. Ngo, 126 S. Ct. 2378, 2387-93 (2006)). According to Heleva, he satisfied the requirements of the MCCF policy by filing with the warden an administrative appeal dated July 14, 2003. Nevertheless, this document, on its face, merely addressed "his dissatisfaction" with "decisions of Mr. Jennings and the Medical Staff *concerning pain issues* arising from the assault of July '02" and requested a second opinion from the chiropractor. (Dr. Shah's Mot. to Quash Ex. E (emphasis added).) Simply put, the "problem" stated in the administrative appeal's "short explanation" concerned, at best, the denial of proper medical treatment and not a failure to protect him from a previous assault. (A97.) The warden himself, in denying the appeal, understandably treated the document as relating solely to his "pain issues" and accordingly stated that "[o]nly the facility doctor can make referrals for outside treatment." (Ex. E.) We must conclude that the July 14, 2003 appeal did not exhaust Heleva's administrative remedies regarding his failure-to-protect cause of action.

Heleva appears to assert that the MCCF Defendants were nevertheless on notice of his failure-to-protect claim, alleging that Kunkle was suspended for her dereliction of duty in leaving her post and for lying about the incident. But, we find that there was no genuine issue of material fact as to the failure of Heleva to file a "proper"

6

grievance or appeal regarding any failure-to-protect claim or "problem." It appears that Heleva was well aware of the administrative process, as demonstrated by the grievances and appeals he did file regarding other problems. But apart from the insufficient "pain issues" filing, he points on appeal to no specific document that allegedly exhausted his claim. Under these circumstances, it cannot be said that there was even substantial compliance with the requirements of the administrative policy and the PLRA itself. See, e.g., Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

Finally, Heleva argues that the MCCF Defendants and their counsel committed perjury and fraud in their submission of his allegedly complete administrative grievance and appeal file. It is undisputed that the MCCF Defendants omitted various grievance and appeal documents from their initial summary judgment submission, including the July 14, 2003 appeal. Nevertheless, we are unable to conclude that this omission means that Heleva somehow satisfied the exhaustion requirement or otherwise triggered any possible exception to exhaustion under either the MCCF policy or federal law.[2] We likewise find that the District Court committed no reversible error by refusing to sanction the MCCF Defendants and their attorneys or to order a criminal investigation and prosecution. The MCCF Defendants (and their counsel) also apologized for the error and offered an

---

[2] Although asserting that his legal papers were confiscated from his cell and that the MCCF Defendants thwarted his attempts at discovery in this case, Heleva does not claim in his appellate brief that he was prevented from filing a grievance regarding their alleged failure to protect him from the assault. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

7

apparently reasonable explanation that the documents were inadvertently omitted in the photocopying and scanning process. At the very least, there is no indication of any willful intent on their part to lie or otherwise deceive the District Court and Heleva himself.[3]

In the end, we conclude that the District Court did not err in granting the respective motions for summary judgment filed by Shah and the MCCF Defendants. The District Court also did not abuse its discretion by denying the motion to compel filed by Heleva. See, e.g., Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 778 (3d Cir. 2000). In allowing him to file such a motion after the discovery period had concluded (and after already granting two previous requests for an extension), the District Court expressly required him to address "the extensive delay in seeking discovery." (A133.) The District Court was understandably unsatisfied with Heleva's explanation that his "personal involvement" in ongoing state post-conviction relief and federal habeas proceedings somehow caused or justified his lengthy delay in this case. (A152.)

### III.

Having considered Heleva's contentions on appeal, we will affirm the District Court's judgments. We further DENY AS MOOT Shah's motion to quash the appeal.

---

[3] We do note that the MCCF Defendants and their attorneys should be more careful in the future with respect to the review and submission of documents.

8